IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES JANSSEN,

                Petitioner,                OPINION AND ORDER

      v.                                     09-cv-0034-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

---

      James Janssen, an inmate at the Stanley Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his custody resulting from his September 15, 1994 conviction in the Circuit Court for Vilas County of the first-degree intentional homicide of his wife.  He raises a number of constitutional claims, including ineffective assistance of post-conviction and appellate counsel.

      There is no dispute that the petition is untimely, having been filed more than 10 years after the expiration of petitioner's one-year limitations period under the Antiterrorism and Effective Death Penalty Act.  Petitioner contends that this court should accept the petition nonetheless because it had assured him in February 1999, when it dismissed an earlier petition, that there would be no prejudice to his filing a new petition after he had exhausted his state court remedies.  Although I agree, with the benefit of hindsight, that the court dismissed the first petition in error, that error was not responsible for petitioner's lack

of diligence in pursuing his claims in the intervening 10 years. In particular, it appears that petitioner took no action to pursue his state court remedies for more than five years after this court dismissed his first petition. As a result of his idleness, he is not entitled to equitable relief from the statute of limitations.

FACTS

The relevant facts are not in dispute. In September 1994, a Vilas County jury found petitioner guilty of first-degree intentional homicide in the strangulation death of his wife. There were no post conviction proceedings in the trial court. Instead, petitioner filed a direct appeal from the judgment of conviction. He raised a single claim: the trial court had erred in denying his pretrial motions to suppress physical evidence and statements obtained as a result of police officers' entry into his home on October 8, 1992. In a decision issued June 24, 1997, the Wisconsin Court of Appeals upheld the trial court's suppression ruling and affirmed the conviction. On September 2, 1997, the Wisconsin Supreme Court denied petitioner's petition for discretionary review. Petitioner did not seek a writ of certiorari from the United States Supreme Court, which meant that his conviction became "final" on December 1, 1997. Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States

Supreme Court).  He had one year from that date, or until December 1, 1998, to file a federal habeas petition.

On September 9, 1998, petitioner filed a federal petition for habeas relief.  He raised the one claim he had presented to the state court of appeals, plus an additional eight claims. Janssen v. McCaughtry, 98-C-623-C, dkt. #2.  In a one-page motion attached to the petition, petitioner asked the court to place the petition in abeyance while he pursued his state court remedies on his unexhausted claims.  Petitioner asserted that his limitations period was soon to expire, several lawyers had declined to take his case and had given him conflicting legal advice, he was indigent and untrained in the law and "mental health" was "a big part of this case."  Id.

The state moved to dismiss the entire petition on the ground that several of the claims were unexhausted.  Id., dkt. #7, at 8.  The state relied on Rose v. Lundy, 455 U.S. 509, 522 (1982), in which the Supreme Court held that federal district courts may not adjudicate mixed petitions, but rather must dismiss such petitions without prejudice and allow the petitioner to return to state court to present the unexhausted claims to that court in the first instance.  The state did not address petitioner's motion for a stay or say anything about the limitations period except to admit that petitioner had filed his petition within the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1)(A).

Petitioner's one-year limitations period under the AEDPA expired on December 1, 1998, while the motion for stay was pending. Duncan v. Walker, 533 U.S. 167, 172 (2001) (application for federal habeas corpus review does not toll one-year limitations period).

On February 1, 1999, this court issued an opinion and order, dismissing the habeas petition without prejudice for petitioner's failure to exhaust his state court remedies for at least six of his nine claims. Opin. and Order, Feb. 1, 1999, dkt. #15. Commenting on petitioner's concern about the bar on second or successive petitions, the court wrote:

> Second, petitioner expresses grave concern that, should he seek to re-file his habeas petition in this court after exhausting his state court remedies, this court will deny his petition as successive under 28 U.S.C. § 2244(b). Although petitioner's fears are understandable, they are misplaced; a petition dismissed to permit exhaustion does not count as an initial petition for the purposes of § 2244(b). O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998); Benton v. Washington, 106 F.3d 162, 164-65 (7th Cir. 1996).

Id. at 6. Like the state, the court did not address petitioner's motion that the court place his petition in abeyance while he exhausted his state court remedies or calculate whether any time remained on petitioner's one-year clock. In addition, the court did not advise petitioner that he could delete his unexhausted claims from the petition and proceed only on the single claim that he had exhausted. Lundy, 455 U.S. at 519 (noting that a petitioner "can always amend [a mixed] petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

In spite of the court's silence on his stay motion or its apparent failure to recognize that petitioner's limitations period had run, petitioner did not ask for reconsideration or for

4

a ruling on the motion and he did not appeal.  In fact, petitioner took no action on his case

for more than five years.  During that time period, petitioner was incarcerated in various out-

of-state prisons under contract with the State of Wisconsin.  From June 1, 2001 to March

12, 2002, he was in custody in Mason, Tennessee; from March 13, 2002 to January 21,

2003, he was in custody in Whiteville, Tennessee; and from January 22, 2003 to June 15,

2004, he was in custody in Appleton, Minnesota.  On June 16, 2004, he arrived at the

Stanley Correctional Institution in Stanley, Wisconsin.

On September 15, 2004, petitioner filed in the Circuit Court for Vilas County a

motion for collateral post conviction relief pursuant to Wis. Stat. § 974.06.  The court

denied the motion on July 15, 2005, finding that § 974.06 was not the proper vehicle for

petitioner's claims.  The court instructed petitioner to present his claims to the Wisconsin

Court of Appeals by filing a habeas corpus petition under State v. Knight, 168 Wis.2d 509,

520, 484 N.W.2d 540 (1992) (habeas corpus petition filed in court of appeals is proper

vehicle for raising claims of ineffective assistance of appellate counsel).  Petitioner did not

appeal the circuit court's July 15, 2005 ruling.

Approximately eight months later, on March 15, 2006, petitioner filed a Knight

petition in the Wisconsin Court of Appeals, contending that his appellate lawyer had

omitted numerous meritorious claims on direct appeal.  The court of appeals determined

that it could not decide some of petitioner's ineffective assistance challenges because they

concerned the performance of post conviction rather than appellate counsel and therefore,

under State ex rel. Rothering v. McCaughtry, 205 Wis.2d 675, 556 N.W.2d 136 (Ct. App. 1996), had to be heard by the trial court in the first instance. With respect to the ineffective assistance challenges that were properly before it, the court rejected the claims on their merits.

The Wisconsin Supreme Court denied petitioner's petition for review of the denial of his Knight petition April 14, 2008. Petitioner never returned to the circuit court to litigate the challenges to the effectiveness of post conviction counsel as directed by the court of appeals.

Petitioner filed the instant habeas petition in this court January 20, 2009, or approximately nine months after the Wisconsin Supreme Court denied his petition for review on April 14, 2008.

OPINION

At the time this court dismissed Janssen's first petition, the AEDPA was still new. The court did not have the benefit of Duncan v. Walker, 533 U.S. 167, 172 (2001), in which the Supreme Court held that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review," that operates to toll the limitations period under § 2254(d)(2), or the court of appeals' decisions in Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000), and Tinker v. Hanks, 172 F.3d 990, 991 (7th Cir. 1999), which suggest that the court should have considering staying the petition, rather than

dismissing it, while petitioner pursued exhaustion of his state court remedies. See also Rhines v. Weber, 544 U.S. 269, 276-77 (2005) (district court may stay habeas petition only if petitioner had good cause for failure to exhaust claims first in state court and unexhausted claims are not plainly meritless). Nonetheless, when petitioner filed his first petition, he stated that his limitations period was about to expire and asked the court to stay his petition rather than dismiss it. Without addressing that request, the court dismissed the petition, assuring petitioner that the dismissal was without prejudice to his refiling a perfected petition at some unspecified later date. Unfortunately, the description of the dismissal as being "without prejudice" was in error: the fact that the limitations period had run while the motion was pending effectively meant that petitioner could *not* come back to federal court after he had exhausted his state court remedies.

Petitioner argues that under these facts, the court must accept his untimely petition under the doctrine of equitable tolling. The Court of Appeals for the Seventh Circuit has recognized that the doctrine of equitable tolling may apply to applications for collateral relief, "but only when it does not conflict with the strictures of 28 U.S.C. § 2244(d)." Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling is rarely granted, and in fact, the Seventh Circuit has "yet to identify a petitioner whose circumstances warrant it." Id. (citations omitted). To be eligible for equitable tolling, a petitioner must demonstrate two things: 1) extraordinary circumstances outside his control and through no fault of his own prevented him from timely filing his petition; and 2) he has diligently

pursued his claim, despite the obstacle.  Id.  See also Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005); Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990).

Courts have held that a petitioner may receive the benefit of equitable tolling if he

can establish that a court's conduct "lulled him into inaction" or otherwise misled him about

the steps he needed to take to preserve his claim.  Riddle v. Kemna, 523 F.3d 850, 858 (8th

Cir. 2008); Spottsville v. Terry, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (equitable tolling

allowed where state habeas court "affirmatively misled" petitioner); Brinson v. Vaughn, 398

F.3d 225, 230-31 (3d Cir. 2005) (equitable tolling justified where a "court has misled a

party regarding the steps that the party needs to take to preserve a claim"); Alexander v.

Cockrell, 294 F.3d 626, 629-30 (5th Cir. 2002) (equitable tolling allowed when circuit

court's previous opinion misled petitioner by stating he could later file for habeas relief).

See also Pliler v. Ford, 542 U.S. 225, 235 (2004) ("[I]f the petitioner is affirmatively misled,

either by the court or by the State, equitable tolling might well be appropriate") (O'Connor,

J., concurring).  But see Williams v. Sims, 390 F.3d 958, 962 (7th Cir. 2004) (mere failure

of court to warn petitioner about impending expiration of statute of limitations no basis for

equitable tolling) (citing Pliler, 542 U.S. at 234).  Certainly, this court's order dismissing the

first petition anticipated that petitioner would be able to return to federal court after

exhausting his state court remedies.  However, nothing in that order suggested that

petitioner had an unlimited amount of time in which to do so or absolved him of the need

to act with reasonable diligence in pursuing his claims.

In its February 1, 1999 order, this court explained the steps petitioner needed to take to exhaust his state court remedies.  Janssen v. McCaughtry, 98-C-623-C, dkt. #15, at 5. Even with that information, petitioner took no action in state court until September 15, 2004, about five and a half years later.  That was far too long to sit idle, notwithstanding the absence of any deadline in this court's order.  Although I have found no cases from the Seventh Circuit that are directly on point, similar cases from other circuits indicate that a five-year delay is well outside the boundaries of "reasonable diligence."  Compare Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (petitioner who took 27months after federal court's improper dismissal to present relevant claims to California Supreme Court and seven months after that court's decision to return to federal court not entitled to equitable tolling) with Jefferson v. Budge, 419 F.3d 1013 (9th Cir. 2005) (district court's erroneous dismissal of a state prisoner's mixed habeas petition sufficiently extraordinary to justify equitable tolling of one-year federal habeas statute of limitations where petitioner returned to federal court within reasonable time; district court's erroneous dismissal was in March 2001, petitioner returned to state court in November 2001, state supreme court denied that petition in December 2001, and petitioner filed second federal petition in January 2002); Griffin v. Rogers, 399 F.3d 626, 629 (6th Cir. 2005) (petitioner who waited six-and-a-half months to institute state court proceedings after erroneous dismissal of federal petition was "reasonably active" in responding to dismissal); Alexander v. Johnson, 217 F. Supp. 2d 780, 290 (S.D. Tex. 2001), aff'd sub nom Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002)

(equitable tolling applied where petitioner filed state habeas application within two weeks of federal court's dismissal order and reapplied for federal habeas relief "within days" of learning that state appellate court had denied his application).

By way of reference, courts authorizing stays generally require a petitioner to initiate state court action within 30 days and return to federal court within 30 days after completing the state court review process.  Accord Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same); see also Rhines, 544 U.S. at 278 (district courts should place "reasonable time limits" on petitioner's trip to state court and back). This is not to suggest that petitioner should have understood such time constraints to apply to him in February 1999, but merely to hone the point that, with diligence, petitioner ought to have been able to initiate state court proceedings long before he did.

Petitioner points out that he was transferred to three different out-of-state prisons during the time period from June 2001 to June 2004.  In general, a prisoner's incarceration is not an extraordinary circumstance that warrants application of equitable tolling.  Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001).  Petitioner does not adduce any facts showing that his out-of-state incarceration prevented him from filing a state application for post conviction relief or that the circumstances of his incarceration were in any way

extraordinary.  Further, he does not explain why he did not seek state court relief in the two-plus years that elapsed between the dismissal of his first federal petition and his out-of-state transfer.

Finally, the fact that Wisconsin has no deadline for seeking collateral post conviction relief is irrelevant.  Wis. Stat. § 974.06(2) (providing that post conviction motion can be made "at any time").  But see State ex rel. Smalley v. Morgan, 211 Wis.2d 795, 800, 565 N.W.2d 805 (Ct. App. 1997) (defendant who waits too long to file state habeas petition may be barred by doctrine of laches).  If that fact was sufficient to allow equitable tolling after a court erroneously dismissed an out-of-time habeas petition, it would toll the statute of limitations indefinitely for Wisconsin prisoners.  Such a rule would be inconsistent with the AEDPA's "statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002).  "[E]quity is not intended for those who sleep on their rights," In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006) (quoting Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir.1999)), as petitioner did here.  Accordingly, his petition must be dismissed.

ORDER

IT IS ORDERED that the petition of James Janssen for a writ of habeas corpus is

DISMISSED WITH PREJUDICE for his failure to file it within the one-year limitations

period prescribed by 28 U.S.C. § 2244(d).

Entered this 29th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge