IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES E. JANSSEN,

                Petitioner,                            ORDER

    v.                                                  09-cv-0034-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

---

       Petitioner James Janssen seeks a certificate of appealability from this court's order and judgment entered October 30, 2009, dismissing with prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that it was untimely.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  When, as in this case, a district court dismisses the petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must show that the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

I am satisfied that reasonable jurists could debate the correctness of this court's ruling that the petition is untimely. It is conceivable that another judge could find that this court's order dismissing petitioner's first petition misled petitioner into thinking that he need not act with any particular diligence in exhausting his state court remedies, and that therefore the second petition should be allowed for equitable reasons.

A more difficult question is whether petitioner has made a substantial showing of the denial of a constitutional right. As noted by the magistrate judge in his initial Rule 4 order, petitioner contests

> virtually every aspect of his lawyer's performance before and during the trial, numerous evidentiary rulings by the trial court and the conduct of the prosecutor. In addition, he contends that the lawyer who represented him in post-conviction proceedings was ineffective in two ways: 1) in the trial court, for failing to file a post-conviction motion seeking an evidentiary hearing on the ground that trial counsel was ineffective, as required by *State v. Machner*, 92 Wis. 2d 797, 285 N.W. 2d 905 (Ct. App. 1979) (evidentiary hearing at which trial counsel explains why he made certain decisions is necessary to preserve claim of ineffective assistance of trial counsel for appeal), failing to raise issues of sufficiency of the evidence and prosecutorial misconduct and failing to request a new trial on grounds of newly-discovered evidence; and 2) in the appellate court, for failing to raise numerous issues that had been preserved for appeal in the lower court proceedings.

Order, Feb. 9, 2009, dkt. #2, at 1-2. In light of the obvious untimeliness of the petition, the magistrate judge declined to review the merits of each of these claims preliminarily, although he was satisfied that petitioner had stated "at least some grounds sufficient to show that he is in custody in violation of his constitutional rights." Id. at 2.

I, too, decline to review independently each of the numerous claims raised in the petition, particularly where petitioner has not attempted in his certificate to argue which of his claims qualify for further review under § 2253(c). For present purposes, I am satisfied from the petition that petitioner has made a substantial showing of:

1) the denial of his right under Jackson v. Virginia, 443 U.S. 307, 319 (1979), to a verdict supported by sufficient evidence in the record; and

2) the denial of his Sixth Amendment right to the effective assistance of counsel, insofar as trial counsel made statements during his closing argument that may have been tantamount to a concession of guilt.

There may be other constitutional claims of merit, but petitioner need only one to qualify for a certificate of appealability.

## ORDER

IT IS ORDERED that the motion of petitioner James Janssen for a certificate of appealability is GRANTED.

Entered this 27th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge